**David JOHNSON, Plaintiff–Appellant,**

v.

**George MILLION, Warden; Dr. Ameji; Dr. Richard Kimbler, Defendants– Appellees.**

No. 02–6089.

United States Court of Appeals, Sixth Circuit.

March 7, 2003.

Before MARTIN, Chief Judge; ROGERS, Circuit Judge; and EDMUNDS, District Judge.*

*ORDER*

David Johnson, a pro se Kentucky prisoner, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Johnson filed suit against several prison officials and state agencies for violating his Eighth Amendment rights by denying medical care after he became infected with the hepatitis C virus (HCV) and developed various symptoms. Upon screening by the district court and the filing of an amended complaint, the case proceeded against a warden (Million), a prison physician (Ameji), and the state prison medical director (Kimbler). The district court granted summary judgment in favor of the defendants and dismissed the action on August 5, 2002.

In his timely appeal, Johnson reasserts his claim that the defendants have denied him medical treatment for HCV and for pain.

---

* The Honorable Nancy G. Edmunds, United States District Judge for the Eastern District of Michigan, sitting by designation.

Upon de novo review, we conclude that the district court properly granted summary judgment to the defendants. *See* Fed.R.Civ.P. 56(c); *Harrow Prods., Inc. v. Liberty Mut. Ins. Co.*, 64 F.3d 1015, 1019 (6th Cir.1995).

The grant of summary judgment as to Million and Kimbler was proper because any notice of Johnson's problems which they may have received through the grievance system or Johnson's letters was insufficient to make them personally liable for the alleged deprivation of treatment. *See Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.1984).

The grant of summary judgment as to Ameji was proper because he was not deliberately indifferent to any of Johnson's medical needs. A prison official exhibits deliberate indifference and thus violates the Eighth Amendment by, inter alia, intentionally denying or delaying access to medical care for serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104–05, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). In their motion for summary judgment as supplemented, the defendants included copies of Johnson's medical records as well as affidavits from Ameji and an HCV expert, Dr. Shedlofsky. Ameji indicated that Johnson was seen in the prison hepatitis C clinic every three to four months and that no treatment for HCV had been provided because Johnson's liver enzyme levels (ALT) had stayed within the normal range. Shedlofsky indicated that he had reviewed Johnson's records and agreed with Ameji's assessment, and that it was "standard clinical practice not to perform liver biopsies or treat with interferon and ribavirin those Hepatitis C patients whose ALT values remain normal."

Review of Johnson's medical records also shows an absence of evidence that his complaints about pain were ignored. Ameji has repeatedly examined Johnson concerning his complaints of stomach pain and has prescribed medications, ordered blood tests, and advised Johnson concerning his diet. Johnson also has access to over-the-counter painkillers through the prison canteen.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.